# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 89 | **DATE** | February 14, 2013 |
| **CASE TITLE** | James Earl Allen (A-15306) vs. Godinez, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file his complaint *in forma pauperis* (Doc [3]) is granted. The court authorizes the trust fund officer at Plaintiff's place of confinement to deduct $33.00 from Plaintiff's account and to continue making deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at Stateville Correctional Center. The complaint is dismissed without prejudice to Plaintiff submitting an amended complaint in accordance with this order. He is given 30 days from the date of this order to submit an amended complaint. His failure to do so will result in dismissal of this case. The clerk shall send Plaintiff an amended complaint form. Plaintiff's motion for the appointment of counsel (Doc [4]) is denied without prejudice.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, James Earl Allen, an Illinois inmate currently confined at Stateville Correctional Center, brings this 42 U.S.C. § 1983 action concerning events that occurred in 2011. Plaintiff's lengthy narrative centers on his inability to obtain a single-cell assignment, and possibly an inability to obtain psychiatric care for a short period of time.

Plaintiff's complaint alleges the following. On February 27, 2011, his cellmate attacked him while he was asleep. Plaintiff was treated at an outside hospital. Upon his return to Stateville, he was placed in disciplinary segregation for giving false information about his cellmate before the attack. Plaintiff was placed in a cell with a member of the same gang member as the cellmate. Though Plaintiff feared for his safety, no attack occurred while he was in segregation.

Upon Plaintiff's return to general population, he found it difficult to sleep with another inmate in his cell. Plaintiff requested and was placed in protective custody. Although Plaintiff shared a cell with other inmates in protective custody between May and September 2011, he was able to sleep either when they were out of the cell at their prison jobs or dialysis, or after they had taken psychotropic medication at night. In September 2011, Plaintiff filed a grievance for psychiatric care, allegedly because head psychiatrist Dr. Tolly never responded to his requests. In September 2011, Warden Hardy directed that Plaintiff be taken to the mental health department. He was diagnosed with post traumatic stress disorder from the February 2011 attack. Records attached to his complaint indicate that he was seen by the prison psychologist Dr. Wood three times between September and December 2011 and by Dr. Kelly, a prison psychiatrist in September 2011. Plaintiff requested that Dr. Wood evaluate Plaintiff for vulnerable status, which would allow him to receive a single cell. Dr. Wood responded that he had no control over cell assignments and that all he could do would be to refer Plaintiff to Dr. Tolly. Plaintiff allegedly requested to be evaluated several times by Dr. Tolly for single-cell and/or vulnerable status. In response to an October 4, 2011, request for a vulnerable status evaluation, which is attached to the complaint, Dr. Wood stated that he could not make such a determination and that Dr. Tolly refused to evaluate Plaintiff.

# STATEMENT

In November 2011, Plaintiff was celled with an inmate named Young. On December 3, 2011, Young attacked Plaintiff while he was asleep, striking him near his eye with a television set. Plaintiff was again taken to an outside facility for treatment. He was then transferred to Pontiac, where he remained during most of 2012, in a single cell. He returned to Stateville in December 2012. Plaintiff attaches to his complaint an affidavit from another inmate (Young's cellmate before Plaintiff). The affidavit states that the inmate informed the housing unit counselor (Lt. Butklewicz) that Young had threatened the inmate several times, including one threat that he was going to beat the inmate with a television set.

Plaintiff lists as Defendants: Illinois Department of Corrections Director Salvador Godinez, Stateville Warden Marcus Hardy; Stateville Head Psychiatrist Dr. Tolly; Stateville Placement Counselor Ada Johnson; Internal Affairs Officer Foster; Stateville Officers Butklewicz, Shievers, and McGhee; and inmate Young. Plaintiff seeks to file his complaint *in forma pauperis*.

The court finds that Plaintiff is unable to prepay the filing fee. The court grants his motion to proceed *in forma pauperis* and, pursuant to 28 U.S.C. § 1915(b)(1), assesses an initial partial filing fee of $33.00. The court authorizes the supervisor of inmate trust accounts at Plaintiff's current place of confinement to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of this court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for payment of the filing fee, and Stateville trust account officers shall notify transferee authorities of any outstanding balance owed pursuant to this order in the event that Plaintiff is transferred.

Although Plaintiff may proceed *in forma pauperis*, his complaint cannot proceed. Under 28 U.S.C. § 1915A, the court is required to conduct a preliminary review of a complaint and dismiss it, if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true and liberally construing his pro se complaint, the complaint currently does not present a valid federal claim. Although Plaintiff states that he was twice attacked at Stateville in 2011, he does not allege that any defendant was aware that Plaintiff faced a threat of an attack. *Shields v. Dart*, 664 F.3d 178, 181 (7th Cir. 2011) (to establish a failure-to-protect claim, an inmate must "show that the defendants knew of a substantial risk of serious injury to him and failed to protect him from that danger"). Plaintiff alleges that Counselor Butklewicz was informed by inmate Young's prior cellmate that Young had threatened the inmate; however, Plaintiff's allegations do not indicate that Butklewicz or any other officer was aware that Young posed a danger to Plaintiff. As to any claims of deliberate indifference to Plaintiff's safety, he does not state a claim. *Dale v. Poston*, 548 F.3d 563, 568 (7th Cir. 2008) (an officer must have actual knowledge of a specific threat or danger; nonspecific communications of a threat provides insufficient notice of a need to protect); *Shields*, 664 F.3d at 181.

With respect to Plaintiff's claims that he received inadequate psychiatric care, his allegations do not sufficiently set forth a claim. To state a claim of deliberate indifference to a serious psychological need, Plaintiff must state facts indicating that: (1) he suffered an objectively serious condition, and (2) the defendants acted with deliberate indifference, i.e., they knew of the condition but took no reasonable steps to resolve it. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010). The records attached to Plaintiff's complaint indicate that, from September 2011 onward, he was being treated regularly for his

| STATEMENT |
|---|

psychological condition, thus demonstrating no deliberate indifference. (Docket Entry 1-1, Exhibits to Compl.) (the records indicate that he was receiving evaluations and medications for depression).

Plaintiff alleges no lack of psychiatric treatment following September 2011. However, he does allege that he complained in September 2011 to Warden Hardy that he needed psychiatric care because he received no responses from Dr. Tolly. The complaint states no information about Plaintiff's requests for psychiatric care possibly ignored by Dr. Tolly except for the grievance to Hardy. However, one exhibit indicates that Dr. Tolly refused to evaluate whether Plaintiff qualified for vulnerable status for his post traumatic condition, which would allow him a single cell. (R. 1-2, Compl. Exhs. at 1.) The court notes that simply failing to provide single-cell status, when Plaintiff was receiving psychiatric care and medication, does not appear to be sufficient to establish a claim of deliberate indifference. "There is not one proper way to practice medicine in a prison, but rather a range of acceptable courses." *Jackson v. Kotter*, 541 F.3d 688, 697-98 (7th Cir. 2008). Nevertheless, Plaintiff may be able to state a claim that Dr. Tolly ignored Plaintiff's requests for psychiatric care and evaluations.

Accordingly, Plaintiff's claims against all defendants but Dr. Tolly are dismissed with prejudice. The claim against Dr. Tolly is dismissed without prejudice. Plaintiff shall have 30 days to submit an amended complaint that states a valid claim against Dr. Tolly. Plaintiff is advised that an amended complaint replaces a previously filed complaint and must stand complete on its own. The court will refer only to the amended complaint and not prior complaints to determine Plaintiff's claims. Plaintiff should thus not refer to his prior complaints in an amended complaint. If Plaintiff submits an amended complaint, he must include a judge's copy and a service copy for each defendant. Plaintiff's failure to comply with this order will result in the dismissal of this case.

As to Plaintiff's motion for the appointment of counsel, such an appointment is not warranted at this time. The issues of this case do not appear overly complex, and Plaintiff appears capable of representing himself at this stage. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir.2010)*; Pruitt v. Mote,* 503 F.3d 647, 655-57 (7th Cir. 2007). The motion for counsel is denied without prejudice.

Date: **February 14, 2013**

**CHARLES P. KOCORAS**
**U.S. District Judge**