# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 89 | **DATE** | May 8, 2013 |
| **CASE TITLE** | James Earl Allen (A-15306) vs. Godinez, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to alter or amend the court's February 14, 2013, order (Doc [7]) is denied. Plaintiff may proceed with his amended complaint against Stateville Correctional Center Officers Burkybile and Butkelwicz, Lieutenant Shievers, Counselor Johnson, Dr. Tolley, and prior warden Marcus Hardy. The clerk shall issue summonses for service of the amended complaint on these Defendants. The other Defendants are dismissed. The clerk shall send Plaintiff a Magistrate Judge Consent Form and instructions for filing documents in this court.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

    Plaintiff, James Earl Allen, an inmate confined at Stateville Correctional Center, has filed an amended complaint pursuant to this court's February 14, 2013, order, as well as a motion for the court to reconsider that order. His motion for the court to reconsider its prior preliminary review order is denied as unnecessary, as the court's preliminary review of the amended complaint, *see* 28 U.S.C. § 1915A, accomplishes the same result. As stated below, Plaintiff may proceed against several of the defendants listed in the amended complaint, which more clearly states his claims.

    Plaintiff's amended complaint alleges the following. In February 2011, Plaintiff told Lieutenant Burkybile that his cellmate had been looking through Plaintiff's papers and had threatened him. Plaintiff states that he told Burkybile the information in confidence and requested that Burkybile not inform the cellmate. Burkybile confronted the cellmate about Plaintiff's complaints but did not separate the two inmates. On the night of February 27, 2011, the cellmate attacked Plaintiff while he was asleep.

    Plaintiff was treated for his injuries at a hospital. Upon his return, he was placed in disciplinary segregation and shortly thereafter in protective custody. He complained about having to share a cell, given that he was unable to sleep due to anxiety. Counselor Johnson allegedly promised that she would attempt to obtain a single cell for Plaintiff, but she refused to do so when the opportunity arose. Plaintiff also repeatedly requested to be seen by Stateville's psychiatrist Dr. Tolley. According to Plaintiff, psychiatrist Dr. Kelly and psychologist Wood both diagnosed Plaintiff as suffering with post traumatic stress disorder from having been attacked in his sleep and recommended that Dr. Tolly evaluate Plaintiff for vulnerable status, which would result in housing him in a single cell. When Dr. Tolly did not respond to Plaintiff's requests to see her, Plaintiff wrote to Warden Marcus Hardy and Lieutenant Shievers seeking psychiatric care from Dr. Tolley.

    Sometime prior to December 3, 2011, Plaintiff was celled with an inmate named Young, who attacked Plaintiff by standing on the cell's toilet over Plaintiff's bunk while he slept and smashing a 13 inch television set over his head. Plaintiff was taken to an outside hospital for treatment for injuries, which included a gash over

## STATEMENT

and damage to his eye. According to Plaintiff, a prior cellmate of Young had informed Officer Butkelwicz before December 3, 2011, that Young was planning to attack Plaintiff. Attached to the complaint are requests from Plaintiff to Counselor Johnson stating that Young was a member of a gang that posed a threat to Plaintiff and requesting that they be separated. Documents attached to the complaint also indicate that, before the December 3rd attack, Plaintiff wrote to Lieutenant Shievers requesting not to be celled with inmate Young.

Soon after the December 3rd attack, Plaintiff was transferred to Pontiac, where he had a single cell and no problems. The Illinois Department of Corrections website shows, however, that Plaintiff returned to Stateville.

The above stated allegations state colorable claims against Burkybile, Dr. Tolley, Marcus Hardy, Officer Butkelwicz, Lieutenant Shievers, and Counselor Johnson. *See Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008) (addressing elements of a failure-to-protect claim); *see also Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001) (addressing elements of a claim of deliberate indifference to mental health needs). Accordingly, these Defendants must respond to the complaint and summonses shall issue for them.

The other Defendants (Godinez, Foster, McGhee, and the Illinois Department of Corrections) are dismissed. Plaintiff lists them as Defendants but neither states how they were personally involved with the claims he asserts nor that they were responsible for a policy or custom to support a claim against them in their official capacities. See *Monell v. Dept. of Soc. Servs. of the City of New York*, 436 U.S. 658, 690-94 (1978); *Palmer v. Marion County*, 327 F.3d 588, 594–95 (7th Cir. 2003).

The clerk shall issue summons for service of the complaint on Stateville Correctional Center Officers Burkybile, Butkelwicz, Shievers, and Counselor Johnson, as well as Dr. Tolley and prior warden Marcus Hardy. The U.S. Marshals Service is appointed these Defendants. Any service forms necessary for Plaintiff to complete for the Marshal to accomplish service will be sent by the Marshal to Plaintiff. Plaintiff's failure to return forms to the Marshal may result in the dismissal of Defendants. The Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former employee no longer at the work address provided by Plaintiff, Stateville officials shall furnish the Marshal with the Defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise, and shall neither be kept in the Court's file nor released by the Marshal. The Marshal is authorized to send a request for waiver of service to each Defendant in the manner prescribed by Federal Rule of Civil Procedure 4(d)(2). If a waiver of service is not obtained, the Marshal shall then attempt personal service.